UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE M. KOPROWSKI, | ) | CASE NO. 1:10CV1216 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER | ) | AND ORDER |
| OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

On August 22, 2012, Attorney Paula Goodwin moved for an award of attorney fees under

42 U.S.C. § 406(b).  The Commissioner filed a brief in which it did not oppose an award to

Attorney Goodwin, but noted that she had failed to specify an hourly rate in her motion or

supporting documentation.  The Court conducted the hearing on October 11, 2012, allowing all

the parties to be heard.  Based upon the below, the motion is GRANTED IN PART AND

DENIED IN PART.

An attorney who successfully represents a social security claimant may seek reasonable

fees under 42 U.S.C. § 406(b)(1)(A) which provides:

Fees for representation before court

(1)(A) Whenever a court renders a judgment favorable to a claimant under this
subchapter who was represented before the court by an attorney, the court may
determine and allow as part of its judgment a reasonable fee for such
representation, not in excess of 25 percent of the total of the past-due benefits to
which the claimant is entitled by reason of such judgment, and the Commissioner
of Social Security may, notwithstanding the provisions of section 405(i) of this
title, but subject to subsection (d) of this section, certify the amount of such fee
for payment to such attorney out of, and not in addition to, the amount of such
past-due benefits.

1

The "legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the 'reasonableness' of the award up to that maximum." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc).

The twenty-five percent fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Id.*

> Deductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.
>
> As to the first category, delay is probably the most common problem encountered in evaluating the attorney's intentional or unintentional neglect. Unfortunately, because the award is based on the amount of "past-due" benefits which increase as time passes, a lawyer is almost always financially served by delay in a final decision on the claim. *See e.g., Blankenship v. Gardner*, 256 F.Supp. 405, 416 (W.D.Va. 1966) ("[I]t will always be of financial benefit to the lawyer to delay the case as much as possible so that the accumulated benefits in which he is to share will be larger"); *see also Webb v. Richardson*, 472 F.2d at 537 ("courts should be especially hesitant to award the statutory maximum in cases in which delays of any consequence have occurred"); *Dearing v. Secretary of Health & Human Services*, 815 F.2d 1082 (6th Cir. 1987) (holding past due benefits could not be calculated beyond three months after claimant was ready for trial, even though the delay was not due to the fault of counsel).

*Id.* at 746-47.  Furthermore,

> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Id.* at 747 (footnote omitted).  Finally, in *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), the Sixth Circuit concluded that no windfall existed in a situation where dividing the number of hours by the total amount of the fee requested resulted in no more than twice the standard rate for such work in the relevant market.

Herein, the Court must determine a reasonable fee.  Attorney Goodwin seeks an award of $10,000, and notes that a total of $21,004.50 was withheld by the Commissioner.  Thus, Attorney Goodwin contends that her request is reasonable because she is requesting less than 12.5% of the total back benefits award.  Attorney Goodwin, however, has failed to document her own hourly rate, thus making it difficult to determine whether she would receive a windfall in this matter.  Moreover, from the Court's review, there does not seem to be particularly reliable information through which to determine the relevant market rate.

However, the lynchpin of this Court's review of the pending motion is reasonableness.  Herein, Attorney Goodwin spent 24 hours in litigation before this Court.  Her effective hourly rate for the work based upon her request for $10,000 would therefore by $416.66.[1]  Under the Sixth Circuit's windfall analysis, this award would be appropriate if $208.33 per hour had been established as the relevant market rate.  However, as the Court noted above, Attorney Goodwin has made no effort to establish her own rate, nor the relevant market rate.  During the hearing, Attorney Goodwin indicated that she had formerly been awarded market rates larger than the one sought herein within this district.  However, the fact that past awards have not been closely scrutinized does not relieve Attorney Goodwin of her burden of demonstrating the reasonableness of her *current* request.

---

[1] Attorney Goodwin also asserts that she is seeking an additional $7,500 for her administrative work.  However, without her time statement for that work, the Court cannot determine what her overall hourly rate would be for the entirety of this matter.

As Attorney Goodwin has failed to demonstrate the relevant market rate, the Court has undertaken its own reasonableness review.  The Court has reviewed numerous fee requests both within the social security area of law and outside of it.  As the fee requests herein are inherently doubled via the windfall analysis set forth by the Circuit, the Court finds that to be an accurate manner in which to determine an appropriately reasonable rate.  Upon consideration of all that is known to the Court about this area of law, the geographic region in which it is practiced, and the individuals routinely engaged in its practice, the Court finds that a total reasonable hourly rate is $175, doubled under the windfall analysis to $350 per hour.  This latter figure places the relevant market rate directly in line with the median hourly rate that the Court sees employed in a broad spectrum of civil litigation.

Having established that $350 per hour is the relevant market rate, Attorney Goodwin's motion is GRANTED IN PART.  She is hereby awarded $8,400 for the 24 hours spent before this Court.


IT IS SO ORDERED.


Dated:  January 2, 2013                                  /s/ John R. Adams_____
                                                         JOHN R. ADAMS
                                                         UNITED STATES DISTRICT JUDGE

4